This is Gresta v. Turczyn for the appellant is Mr. Mills and for the appellee Ms. Ress. Justice Turner is not feeling particularly well and he's going to be listening to the oral arguments in the back. So we may proceed Mr. Mills. May it please the court. My name is Steve Mills and I represent Plaintiff Gresta and seek review from the Sangamon County Circuit Court bench trial in an automobile negligence case wherein the court found that the plaintiff failed to properly identify the driver and granted judgment upon the motion. The standard of review in this case was announced by this court, I believe, in Barn v. Mikowski and it is essentially a two-pronged test. The court decided in the first prong, then it would be a de novo review if the court decided the motion in the second prong of the manifest way. The plaintiff's position is that regardless of what standard applies, he would be entitled to a reversal of the judgment. Essentially it's difficult to tell in this case at which phase the court made his decision based upon the fact that he starts by indicating that he heard the testimony of all the witnesses and in the same breath essentially said that the only evidence before him regarding the case was that the defendant admitted being at the same time and place as the plaintiff. Of course it's the plaintiff's position that the paragraphs one and two which were admitted would indicate much more than just simply being at a time and place. They have something to say about what type of automobile was being driven, who the defendant was in the case, etc. But that would tend to suggest that it was a cursory review of the pleadings that led to the decision regarding who was driving. Moreover, the court in and about 78 or 79 of the transcript seems to be going through essentially a laundry list of the elements of the case and verifying whether or not there had been some evidence and then of course made his ruling. At one point, however, he did reflect on testimony and then a couple other points he made. He seemed to be very concerned as to whether a witness named Mr. Mayberry had identified Mr. Turkson as the defendant as Mr. Turkson and turned out that that was not so. He had not. Mr. Mayberry had not. But Mr. Gresta had alluded to Mr. Turkson at least twice in his direct testimony as Mr. Turkson's vehicle and when he was describing the accidents and events that involved the accident. Based upon this, we believe that it's arguable and supported that he was using phase one at the point in time where he was going to be judged. But the testimony of Mr. Gresta alone, plaintiff asserts, is sufficient to establish that the defendant was involved in an automobile accident. Paragraph one establishes Mr. Gresta as heading in a westerly direction at a specific day, approximately 4.56 p.m., driving a specific automobile. In paragraph two, the paragraph begins with essentially at this same time and place. It puts the defendant in the exact time and place as the plaintiff is at. It doesn't equivocate. It says at the same time and place defendant operated his vehicle, described the vehicle in an easterly direction. We believe that those facts are sufficient to describe what we would normally term an automobile accident. Defendant argues, well, space, time, it's not the same thing. Actually, my review of the dictionary definition of place is that it is the space that which is occupied by a person or an object. In this case, the person and the object are the plaintiff and the defendant and their respective automobile. Moreover, the defendant advances that potentially he was alluding to ownership of the vehicle. I would direct the court's attention to Baker v. Underwood. Baker v. Underwood is a case in which the court was describing the defendant and the problems that led up to the driving that led up to an accident, and they alluded to the defendant as Baker's rental, Baker's U-Haul. I submit to the court that the appellate court didn't believe and wasn't alluding to the fact that they thought that Mr. Baker owned a rental U-Haul truck. Moreover, there's no dispute here as to who owned the vehicle. There's nothing in the complaint that raises the issue of an ownership of a vehicle. Additionally, there's no question, there was no issue raised as to Mr. Dresta's ability to as he described the defendant, Mr. Turkson, approach, cross the center line, and strike his vehicle. Additionally, the defendant has advanced, well, maybe there was another Mr. Turkson in the area involved. There is no evidence in the record to support that, and it would occur to plaintiff that such a finding would be arbitrary in the absence of any evidence to suggest that there was an accident. Mr. Dresta's testimony picks up exactly where it should, given the admissions that were made in 1 and 2. He picks up, he says, well, you know, it's admitted the defendant was driving a particular type of automobile, and in an opposite direction of mind, and he starts immediately before the point of impact, which he described in paragraphs 1 and 2 to tell, to explain how that occurred. Additionally, in Rosebottom v. Hensley, another case, another decision by this court, the court held that we're not going to hold a witness to a higher standard of specificity and language than what we would hold our jurors. Once again, I see Underwood v. Baker, and we're alluding to and identifying a driver as Baker's U-Haul. In that same regard, the Rosebottom case cites McCormick v. Hahn, the Supreme Court case, wherein there were two defendants, and ownership was at issue in that, and the Supreme Court seemed comfortable describing the driver of the vehicle, which was the son of the owner, as Hahn's vehicle throughout the decision, essentially, identifying him and the actions that were taken as him as the driver throughout that opinion. We believe that, accordingly, to hold otherwise on the part of the terminology that Mr. Gress used, might Mr. Turkson's vehicle, would be to hold him to a higher specificity of the use of the language than we do hold our jurors. Moreover, it was admitted in the answer, paragraphs 1 and 2, as I've suggested, and I believe that those do put forth facts that are sufficient to establish that the defendant was involved in an automobile accident, and admissions, of course, are conclusive and require no additional proof on the matter, dispensed with the necessity of proof. Moreover, there were issues regarding denials in this pleading to multiple allegations in a paragraph, and Section 610 provides that any allegation that is not specifically denied shall be deemed to be admitted. In this instance, particularly with respect to paragraphs 3, 4, and 5 of the complaint, paragraph 3 specifically indicates that the defendant crossed the center line and struck the vehicle, and struck Mr. Gress's, drove across the center line and struck Mr. Gress's vehicle. The defendant answered that by saying we deny all allegations in paragraph 3, essentially. I can understand the defendant's desire to distinguish this case from Courtney v. Neer, where in that instance the court's response granted a motion for judgment against a defendant because the defendant had filed essentially the same allegation contained in a multiple struck a pedestrian plaintiff. Now that case was later reversed, but my recollection is it was reversed on an issue of contributory negligence, and the finding made by that admission was affirmed, the trial court was affirmed on that finding by the appellate court. And the appellate court specifically said that if you're going to deny that a defendant was part of this, you must do so specifically. I don't believe that there is a specific denial that Mr. Terzan was involved in an automobile accident anywhere in the complaint, only a general denial. I've read the answer, I've read your complaint, and I've read the answer. And the answer says, with regard to paragraph 3, 4, and 5, defendant denies the allegations, defendant denies the allegations, defendant denies the allegations. I understand, Judge, and that was my point, that's not a specific denial that the defendant was driving the vehicle under 610. A review of courting, once again, suggests that the same allegation was used there, and all the defendant says was, we deny the allegations, and that was deemed admitted under 610. Now the defendant here asserts 196. Well, in paragraph 3, you allege the defendant drove his vehicle over the center of Rochester Road. Paragraph 4, you allege that the defendant committed one or more acts following careless and negligent acts, there are three of them, and paragraph 5, that is a direct and proximate result of one or more of the aforementioned careless and negligent acts or omissions of the defendant's vehicle colliding with the vehicle the plaintiff owned and was driving. That was denied, okay, and I understand it is not uncommon for civil defendants to deny allegations that would, if they were admitted, would establish liability, and that's what trials are for, okay. Those are things that then plaintiff has to prove, right? Which, my question in reading that plating would be, which of those three allegations is this defendant denying? And your answer potentially would be all of them. Correct. And 610 says that that's improper, essentially. It says if you're going to, you must specifically deny the allegation. And you know, well, I think they were specifically denied, but the question is, if you then prove that the allegations made in your complaint were correct, there could be sanctions levied against the defendant for improperly answering the complaint. Certainly, and I think that 136 is where the defendant went exactly on that point and said, well, we have a good faith basis for making that general denial to all those multiple allegations in that case. And it was at that point that when the issue of good faith certainly was raised, it was challenged immediately by myself, and I came forward with whatever information I had to demonstrate that I didn't believe that there was such a good faith basis for making those denials. And frankly, I've yet to see a good faith basis for the defendant to come forward with any basis for making those denials. The only one suggested is an accident report. And I believe that while there's not a lot of litigation on Rule 136, I believe that it's fair to say that probably the burden is on the pleader to show what good faith they may have had in relying upon that. Turning essentially to Arthur versus Couture on the damage issue, just very briefly, I believe that Judge Airden is ruling on that matter. I believe that Mr. Gress had been established as an expert in the field with over 20 years of worker's compensation experience, and he demonstrated that he knew not only he was familiar with procedures, but he was also familiar with charges not by these providers, but by providers throughout central Illinois. And the judge of course denied his evidence based upon lack of foundation. When he attempted to establish the parts of the bills that had been paid, the judge viewed the bills as the record suggests as medical reports, and clearly that doesn't seem to be consistent with the cases that I found regarding those issues. He also made it very specifically clear that without a doctor saying that they'd been paid in full, that he didn't believe that there'd been an adequate foundation. The state of Illinois is reflected in my brief as clear and essentially close to this point. Thank you. All right, thank you Mr. Mills. Ms. Russ. May it please the court, counsel. The first issue I'd like to address is a standard of review because I think it's an essential factor in the appeal and distinguishes the case law that was provided by the appellant from the case before this court. The appellant is the case that determined what standard of review the court should use. The Barnes case found that a trial court, no matter what they call it, if it's following a bench trial, it is a motion for judgment. The judgment can be entered on phase one, which would mean that the plaintiff didn't make out a prima facie case, or phase two, which meant that the plaintiff failed to meet the ultimate burden of proof. Here the court's decision was based on phase two. The judgment order entered by Judge Kavanaugh said that the court, after having considered and reviewed depositions of Russ Mayberry, Dr. Eberhardt, and Dr. Fletcher, finds the plaintiff has failed to meet his burden of proof as it fails to identify the defendant and the cause of the action as it relates to negligence. This court in the Barnes case found that this type of clear the court can infer that the decision was made under phase two. Therefore the standard of review is against the manifest weight and the trial court's opinion should only be reversed if it's found to be unreasonable, arbitrary, or not based on any of the evidence. So the plaintiff in this case had the burden of proof, the burden of persuasion, the burden to prove that the defendant was negligent and that the defendant's negligence caused this motor vehicle accident. Now in order to prove it, the defendant had to identify, or I'm sorry, the plaintiff had to identify the defendant as the driver. I'd like to address the issue of the police report, the guilty plea statements made by Mr. Koepke that were presented in the plaintiff's brief. First of all, these are all red herrings, but none of those were presented before the trial court. This court should look at this case as the evidence was presented to Judge Kavanaugh during the trial court. The only evidence that the plaintiff could come up with is the plaintiff's own testimony when he referred to the other vehicle involved in the accident as Mr. Terzan's vehicle or the Terzan vehicle. There's no evidence whatsoever who this Terzan is. There theoretically could be a hundred different Terzans out there. Likewise, there's no evidence that this defendant was driving the Terzan vehicle. Why wasn't your client at the trial? Pardon me? Why wasn't your client at the trial? We requested that he be there, but he was not cooperating with us. The plaintiffs cited in the appellate brief the case of Rosebottom, and I believe that the reliance on this case is misplaced. In that case, the court found that the word accident was susceptible to two different definitions. One would be a mistake and the other one would be an event that caused an injury. The court found that because the plaintiff referred to the collision as an accident, it didn't necessarily mean that Wolf and Watson count wouldn't sustain. Here, we're not talking about the definition of a word. We're talking about identifying the individual, which is part of the plaintiff's element that the plaintiff had to prove. The McCormick court, which the Rosebottom court cites to and plaintiff's counsel alluded to, first of all, didn't address the issue whether calling it by the surname, the vehicle by the surname, is sufficient to identify a defendant, but also it's a good illustration as to why it is not. In that case, there were two occupants of the vehicle's last name was Han. There was a father and a son. The McCormick court in the first couple paragraphs of its opinion laid out, well, the son was the occupant and the father was the driver, so identified who they were first. The plaintiff in this case needed to do that too before it took the liberty of just referring to it as the surname's vehicle. The second issue, or the third issue rather, I'd like to address is the plaintiff's claim that paragraph two was admitting that the defendant was occupying the same space as the plaintiff. A common sense and plain reading of the plaintiff's complaint does not support this. First of all, as you heard, paragraph one says on Rochester Road at approximately 415, the plaintiff was driving his vehicle. Paragraph two, at the same time and place, the defendant was driving his vehicle. While the place described in paragraph one would be Rochester Road, the time described in paragraph one would be 455. And this, it doesn't say the same place as the plaintiff or the same space as the plaintiff. And if you go further to paragraph three, it's clear that this wasn't the intent of the drafters and it's just something that the plaintiff is trying to claim now because paragraph three tries to limit the area on Rochester Road where the accident occurred. It said a quarter mile from the intersection of Rochester Road and Woodbury, I believe. If it was meant to occupy the same space, in other words, a point of impact, why would the next paragraph be limiting or contain that limiting language? Clearly the intent and the plain reading of it is to be somewhere on Rochester Road, which could be anywhere, at approximately 455. The plaintiff also, or the First of all, I believe that the appellant has waived this issue as it was not brought before the trial court. In the case of N. Ray Kirk, which was cited in the appellee brief, deals with the adequacy of a denial under Rule 136. And the court found that the plaintiff didn't file any motions in the trial court attacking the defendant's response and quote, issues not raised in the trial court are deemed waived and can't be argued the first time on appeal. If however the court deems that they were not waived, they were adequately denied. Rule 136 finds that if a pleader can in good faith deny all allegations in a paragraph, they don't have to address each allegation. And that's what happened here. The case is cited by the appellant. The Cordic case, the Underwood case, and the Glenn case are distinguishable. First of all, the Cordic case, not only did the court consider the pleadings, but also all the other facts and circumstances around the case presented at trial. The defendant admitted driving towards and at the place the plaintiff was walking. The plaintiff's witness identified the car that hit the plaintiff as a 1959 or 1960 white Chevy convertible. The defendant admitted that he was driving a 1960 white Chevy convertible. Witnesses testified that the defendant was a female. And the defendant, more importantly, the defendant denied that the plaintiff was acting with due care and was alleging contributory negligence. In other words, was aware of conduct on the part of the plaintiff at the time of the accident. The court found that a directed verdict in favor of the plaintiff was wrong as there was a question of fact, which in other words means that a finding in favor of the defendant would not be against the manifest weight of the evidence, which is the standard here. And likewise, in Glenn and Underwood, the court considered all the evidence, found that the plaintiff or the defendant admitted to being at the scene of the accident and admitted knowing something about the plaintiff's conduct at the time of the accident. Those cases found that a directed verdict in the defendant's favor wasn't proper. Importantly, the court did not say that the plaintiff met its burden, just simply that a directed verdict in the defendant's favor was not proper. Again, with regard to the defendant denied paragraphs 3 and 4 in good faith, this issue is waived. It was not before the trial court. The citation, guilty plea was never before the trial court. The plaintiff could have offered that into evidence and certainly that would change the situation, but the plaintiff's attempt to kind of get this in through the back door under the guise that our answer was not in good faith. If the argument would succeed, imagine how many cases could come up on appeal saying, well, for example, settlement negotiations are not admissible, neither was the citation in this case, but coming back and saying, well, it wasn't in good faith. Look, in the settlement negotiation they admitted liability. The plaintiff had a he had his day in trial and he failed to present evidence to meet the burden of proof in this case and the judge properly granted judgment in favor of the defendant. Really quickly, with respect to the medical records, the plaintiff had the burden to establish, number one, that the medical records were reasonable and necessary and customary, and number two, an expert witness needed to establish that they were causally related to the accident in order to make them relevant. The plaintiff's physicians did not clearly identify bills as being associated with the motor vehicle accident and the plaintiff could not recall what bills were paid or not in order to lay a foundation that they were reasonable and customary. These bills would be improper if the court would have allowed these bills just to be read into evidence at that time. In conclusion, we ask, are there any questions? No. We ask that this court affirm the trial court's decision in our favor. Thank you. Thank you. Mr. Mills. With respect to the point counsel made regarding the distinction between McCormick and certain premises in paragraphs one and two, he set forth the premise that he visualized the defendant driving a particular Mercury Sable, all of which was admitted. He saw him driving it in the opposite direction that he was traveling and just like the Supreme Court is setting forth their premise that, well, look, we have an owner of a vehicle and we have the son of a vehicle and they're both defendants in this case. Mr. Gresta is saying, we have a driver of an opposite vehicle that was involved in an accident with my vehicle. It was a Mercury Sable. I do also want to address the point. I think the point under 610 in the general denial, as argued by counsel, is the fact that there was never a clear, specific denial that this person was driving until the point in time where the judge at the trial court was talking to counsel about that at which point in time the defense counsel said, if I remember exactly, it was something to the effect of, was Mr. Turkson driving the vehicle? Look at paragraph three. Denied, as if it were only one allegation contained in paragraph three. And that would be the first time that anyone could have been alerted, arguably, to the fact that this individual was taking the position that the defendant was never involved in this accident. And I think that's exactly what court looks to in interpreting former section 40, now section 610, is the fact that that's evasive by nature. And if you're going to take a position that your defendant was not involved in this accident, you must come forward at least once in the complaint and specifically deny that he had anything to do with it. And I believe that that's sound law, good law, and the practice should be followed in the case under review. Thank you. Thank you. We'll take this clause under advisement and stand in recess until the readiness of the court.